IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUY DON MINZE,<br>    ID # 2228023,<br>        Petitioner, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | No. 3:22-CV-2589-S-BW |
| DIRECTOR, TDCJ-CID,<br>        Respondent. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody, received on November 17, 2022. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DENY** the petition.

## I.  BACKGROUND

Guy Don Mize, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his 2018 convictions and sentences in Johnson County, Texas. (Dkt. No. 3; Dkt. No. 9-36 at 52-64.)[2] The Director of the TDCJ-CID is the sole Respondent. (*See* Dkt. No. 3 at 1.)

---

[1] By Special Order No. 3-354, this habeas case was automatically transferred and reassigned to the undersigned for full case management. (*See* Dkt. No. 14.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

### A. State Court Proceedings

Minze was indicted on two counts of criminal solicitation of a minor to commit indecency with a child sexual contact, in violation of Tex. Penal Code § 15.031; one count of bail jumping, in violation of Tex. Penal Code § 38.10; and one count of possession of a methamphetamine, in violation of Tex. Health & Safety Code § 481.115. (Dkt. No. 9-36 at 16-18.) The indictment also alleged habitual offender enhancements because Minze had two prior felony convictions. (*Id.* at 18.) Minze pleaded not guilty and represented himself at trial with standby counsel. (Dkt. No. 9-2 at 4; Dkt. No. 9-3 at 6-7.) The jury convicted Minze on all counts and found the enhancements true. (Dkt. No. 9-36 at 52-64.) The jury sentenced him to life imprisonment for the two counts of criminal solicitation, 25 years' imprisonment on the bail jumping charge, and 10 years' imprisonment for possession of a controlled substance. (*Id.*)

Texas' Tenth Court of Appeals affirmed Minze's convictions. *Minze v. State*, No. 10-18-00333-CR, 2020 WL 5241211 (Tex. App.—Waco, Aug. 31, 2020, pet. ref'd.). The Texas Court of Criminal Appeals ("TCCA") refused his petition for discretionary review on January 13, 2021. *Id.* The Supreme Court denied Minze's petition for writ of certiorari on November 1, 2021. *Minze v. Texas*, 142 S. Ct. 448 (2021).

Minze filed his state application for writ of habeas corpus on September 29, 2022. (Dkt. No. 9-36 at 65-83.) The TCCA denied Minze's state application without written order on November 2, 2022. (Dkt. No. 9-35.)

### B. Substantive Claims

In his Section 2254 petition, Minze asserts multiple grounds for relief:

> Ground One: The State failed to prove the essential elements of criminal solicitation of a minor.
>
> Grounds Two and Three: Minze's constitutional right to confront witnesses was violated.
>
> Ground Four: Minze's due process rights were violated via prosecutorial vindictiveness.
>
> Ground Five: The trial court abused its discretion when it refused to hear several of Minze's motions.
>
> Ground Six: Minze's appellate counsel was ineffective in failing to raise several issues on appeal.

(*See* Dkt. No. 3 at 7, 10, 11, 13, 17, 18-19.)  Respondent filed a response on March 8, 2023.  (Dkt. No. 11.)  Minze filed a document titled "Traverse" on April 7, 2023—the Court interprets this document as his reply.  (Dkt. No. 12.)

## II. LEGAL STANDARDS

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner may not obtain federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F. 3d 471, 475 (5th Cir. 2001). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" standard, a court may grant habeas relief "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" inquiry is objective. *See id.* at 409.

Section 2254(d)(2) concerns questions of fact. *See Martin*, 246 F.3d at 475. Under Section 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both express and implied factual findings. *See Ford v. Davis*, 910 F.3d 232, 234-35 (5th Cir. 2018). The TCCA's denial of a state application for writ of habeas corpus without a written order on the findings of the trial court without hearing and on the court's

4

independent review of the record is an adjudication on the merits. *Hill v. Dir., TDCJ-CID*, No. 9:21-CV-41, 2024 WL 1269767, at *11 (E.D. Tex. Feb. 28, 2024), *adopted*, 2024 WL 1259265 (E.D. Tex. Mar. 21, 2024).

Section 2254 thus creates a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation and quotation marks omitted). To overcome this standard, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Failure to make this showing precludes federal habeas relief. *See id.* at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his sixth ground for relief, Minze contends that his appellate counsel rendered ineffective assistance in violation of his constitutional rights. (*See* Dkt. No. 3 at 18-20.) The Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. It guarantees a criminal defendant the effective assistance of counsel both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must

demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697.

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams*, 529 U.S. at 393 n.17 (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have differed absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

Whether appellate counsel has been ineffective is also determined using the standard enunciated in *Strickland*. To render effective appellate assistance, counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an

6

issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). Courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348. Following *Strickland*, the petitioner must also show a reasonable probability that, but for counsel's deficient representation, he would have prevailed on his appeal. *See Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

## IV. ANALYSIS

### A. State's Failure to Prove Essential Elements

Minze is not entitled to federal habeas relief on his first ground challenging the sufficiency of the State's evidence supporting his solicitation convictions.[3] Minze procedurally defaulted his claims that the State failed to prove essential elements of his solicitation offenses. Procedural default occurs where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, or (2) the

---

[3] While Minze avers "the State failed to prove the essential elements of sexual contact with a child younger than 17 years of age," he was convicted of two counts indecency with a child sexual contact-criminal solicitation of a minor. (Dkt. No. 3 at 7; Dkt. No. 9-26 at 52-56.)

7

petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). In either instance, the petitioner is deemed to have forfeited his federal habeas claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Texas's Tenth Court of Appeals found Minze's claims were "inadequately briefed and present nothing for review because Minze failed to point to any element the State was required to prove as being insufficiently supported by the evidence." *Minze*, 2020 WL 5241211, at *5. Minze's claims are procedurally barred from federal review of Minze's claims because the last state court to consider the claims expressly and unambiguously based its denial of relief on a state procedural bar. *See Harris v. Reed*, 489 U.S. 255, 265 (1989); *Coleman*, 501 U.S. at 735. He is unable to overcome the procedural default because he has not shown cause for the default and actual prejudice attributable to the default. *Murry v. Carrier*, 477 U.S. 478, 485 (1986). Minze has failed to "fairly present" these claims to the state courts and, thereby, procedurally defaulted the same for consideration in this venue. *See Coleman*, 501 U.S. at 735 n.1; *Hughes v. Dretke*, 412 F.3d 582, 595 (5th Cir. 2005).

Minze's claims are nonetheless meritless. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence

8

must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. at 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *See Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

In Texas, a person commits the offense of criminal solicitation of a minor if, with intent that indecency with a child be committed, he requests, commands, or attempts to induce a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believed them to be, would constitute indecency with a child. Tex. Penal Code §§ 15.031(a), 21.11(a). However, a person may not be convicted of criminal solicitation of a minor on the uncorroborated testimony of the minor allegedly solicited "unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation." *Id*. § 15.031(c). Here, affording due respect to the role of the factfinder and the state courts, the Court finds the evidence at Minze's trial was not nearly sparse enough to sustain a due process challenge under *Jackson.*

At trial, the jury received the following evidence: two undercover police officers posted an ad on Craigslist to "locate individuals who [were] seeking to have sex with underage children." (Dkt. No. 19-12 at 17.) The undercover officers were posing as girls who were "almost 17 years old," below the age of consent in Texas. (*Id*. at 27.) Minze responded to the ad via text message. (*Id*. at 24.) He engaged in conversation with the undercover officers and arranged to meet them at a hotel to

9

perform oral sex and arranged to later procure prostitution opportunities for them. (*Id*. at 28.) Officers arrested Minze when he arrived at the hotel. (*Id*. at 76.) The evidence was sufficient under Texas law to sustain his solicitation convictions.

Minze has failed to show the state court's decision was objectively unreasonable. The claims must be denied.

## B. Confrontation Violation

In his second and third grounds, Minze asserts that the trial court erred by violating his Sixth Amendment right to cross-examination. (Dkt. No. 3 at 11.) He does not name any witness in his petition but asserts in his reply that "Kimberly Bustos [is] the intended victim [but] [s]he was never called to testify." (Dkt. No. 12 at 7-8 (internal quotation marks omitted).) The Sixth Amendment's Confrontation Clause provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The clause aims "to ensure reliability of evidence," and requires "that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Crawford v. Washington*, 541 U.S. 36, 61 (2004). To determine whether admitted evidence violated the Confrontation Clause, the Court asks three questions:

> First, did the evidence introduce a testimonial statement by a non testifying witness? Second, was any such statement offered to prove the truth of the matter asserted? Third, was the nontestifying witness available to testify, or was the defendant deprived of an opportunity to cross-examine him?

*United States v. Hamann*, 33 F.4th 759, 767 (5th Cir. 2022) (emphasis omitted). "If the answer to each of [these] questions is 'yes,' the Confrontation Clause was violated." *Id*.

Minze's Confrontation Clause claim is entirely conclusory. Minze is correct, "Kimberly Bustos" is listed as the victim in Count Two of the indictment, and she did not testify at trial. (*See* Dkt. No. 9-36 at 16.) Bustos was one of the undercover officers posing as an underage girl and texting with Minze. (*See* Dkt. No. 9-12 at 35-36.) Several officers, including Sargent Paul Horn, were also present during the entire undercover operation. (*Id*. at 35.) The State called Horn to testify to the elements of the offense and Minze cross-examined Horn. (*Id*. at 12, 37.) While Minze may not like that the State chose to call Horn as a witness instead of Bustos, nothing before the Court supports his assertion that his constitutional right to confront witnesses was violated. That is, Minze points to no testimonial statements made by Bustos that he was unable to cross-examine.

Moreover, even if there was a confrontation error, it is subject to "harmless error" review. *Kittelson v. Dretke*, 426 F.3d 306, 319-20 (5th Cir. 2005). Such review considers whether the constitutional error had a "substantial and injurious effect" in determining the verdict. *Id.* (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). "Actual prejudice" must be shown. *Id.* at 637. Minze has not plead any supporting facts whatsoever. (*See* Dkt. No. 3 at 11.) He has failed to show both error and resulting prejudice.

The state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented. This claim must be denied.

### C. Prosecutorial Vindictiveness

In his fourth ground, Minze argues the State exhibited vindictive prosecution by reindicting him "multiple time[s] over a period of eighteen (18) months for refusing to take a 20-year plea bargain." (Dkt. No. 3 at 11.) Minze is unable to prevail on this claim because the claim has been procedurally defaulted and the claim is meritless. As a threshold matter, this claim is procedurally defaulted. Minze did not raise his claim of prosecutorial vindictiveness at trial. As such, neither the trial court nor the State was put on notice that he intended to raise the claim on appeal. Texas' Tenth Court of Appeals found Minze failed to preserve the error for review. *See Minze*, 2020 WL 5241211, at *5 (citing *Neal v. State*, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004) (defendant forfeited prosecutorial vindictiveness claim by failing to comply with Tex. R. App. P. 33.1(a)). Minze is unable to overcome the procedural default because he has not shown a cause for the default or actual prejudice attributed to the default. *Murray*, 477 U.S. at 485.

Even if the undersigned was to reach the merits, Minze's claim fails. Prosecutorial vindictiveness requires showing (1) actual vindictiveness by presenting objective evidence that the prosecutor's actions were designed to punish a defendant for asserting his legal rights, or (2) sufficient facts to create a presumption of vindictiveness. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008). "A finding of 'actual vindictiveness requires direct evidence, such as evidence of a

statement by the prosecutor[.]'"  *Id.* at 364 (quoting *United States v. Johnson*, 221 F.3d 83, 94 (2d Cir. 2000)).  Courts should apply the presumption of prosecutorial vindictiveness "only where there exists a realistic likelihood of vindictiveness." *Saltzman,* 537 F.3d at 360 (internal quotation marks and quoted case omitted).  The presumption is rare and "ordinarily does not arise pretrial."  *United States v. Young*, 231 F. Supp. 3d 33, 118 (M.D. La. 2017) (quoting law review article and citing cases); *United States v. Goodwin*, 457 U.S. 368, 382 (1982) (declining to apply presumption in a pretrial setting and stating that "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution").  It is Petitioner's burden to prove prosecutorial vindictiveness by a preponderance of the evidence.  *Saltzman*, 537 F.3d at 359.

  The circumstances of this case do not create a presumption of prosecutorial vindictiveness.  A prosecutor's pretrial decision to modify the charges in a pending criminal prosecution, even if prompted by the failure of plea negotiations, is a proper exercise of prosecutorial discretion absent objective evidence of actual vindictiveness.  *See Goodwin*, 457 U.S. at 384.  According to Minze, the State chose to reindict him multiple times because Minze refused to accept a 20-year plea agreement.  (Dkt. No. 3 at 13-14.)  This is not objective evidence of vindictiveness.  The mere fact that Minze rejected a plea offer and requested a jury trial is insufficient to warrant a presumption that the state's reindictment in this case

13

was solely to retaliate. *See Goodwin,* 457 U.S. at 368, 379-80; *Bordenkircher v. Hayes,* 434 U.S. 357, 364-65 (1978).

The state court's rejection of this claim was reasonable. The claim should be denied.

**D.    Abuse of Discretion in Refusal to Hear Motions**

In his fifth ground, Minze contends the trial court abused its discretion in refusing to let him orally argue his motion to dismiss while permitting the prosecutor to respond to the motion. (*See* Dkt. No. 3 at 15.) He also argues the trial court erred in summarily denying his three additional motions: (1) a motion to set aside the indictment, (2) a motion to quash the indictment, and (3) an amended motion to dismiss that was retitled as a motion for violation of his right to a speedy trial and ineffective assistance of counsel. (Dkt. No. 3 at 15.)

"A state prisoner seeking federal court review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right." *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Minze's allegations merely attack defects in state procedure and fail to raise a federal Constitutional issue cognizable on federal habeas corpus review. *See Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998) (finding petitioner's claim challenging exclusion of evidence based on state law is not a basis for federal habeas corpus

relief). Moreover, to the extent Minze asserts that, had he been afforded the opportunity to orally argue his motions, the outcome of his trial would have differed, he provides no such evidence. Nothing before the Court shows Minze was prejudiced by the trial court's manner of dismissing his motions. Further, the state habeas court, in denying the entirety of Minze's claim for abuse of discretion, found no error here.

Minze failed to show the state court's denial of this claim was unreasonable. This claim should be dismissed.

### E. Ineffective Assistance of Appellate Counsel

Minze is not entitled to federal habeas relief on his sixth ground, that he received ineffective assistance of appellate counsel. He asserts his appellate counsel was deficient for failing to raise the following on appeal:

(1) The case was plagued by judicial bias;

(2) Evidence was improperly presented after closing arguments;

(3) Minze was forced to represent himself;

(4) Minze's right to a speedy trial was violated; and

(5) The jury charge contained error about Minze's parole eligibility.

(*See* Dkt. No. 3 at 18-19.) Minze's assertions of attorney error are conclusory and fail for that reason alone. *See Harper v. Lumpkin*, 64 F.4th 684, 691 (5th Cir. 2023) ("Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." (alteration brackets and internal quotation marks omitted)). Minze does little more than list the alleged shortcomings

15

of counsel, and he does not explain how counsel's conduct fell below prevailing professional standards or demonstrate that he was prejudiced as a result. *See Lopez v. United States*, Civil No. M-10-169, 2013 WL 12371044, at *20 (S.D. Tex. Sept. 13, 2013) (holding that laundry list of alleged ways in which counsel was ineffective "f[ell] far short of meeting [Movant's] burden under *Strickland*"), *adopted*, 2013 WL 12371040 (S.D. Tex. Sept. 30, 2013).

Minze's first argument that his appellate counsel was deficient because he "missed a dead-bang winner [that the] trial court judge exercised judicial bias" is conclusory. (*Id*. at 18.) He states the "record evidences judge's actions constitute judicial bias," but absent any support for this contention, he is unable to meet *Strickland* in proving his counsel was deficient or that he was prejudiced by counsel's performance. (*Id*.)

The record belies Minze's following assertions that evidence was admitted after closing arguments and that he was forced to represent himself. (Dkt. No. 9-12 at 137-41; Dkt. No. 9-3 at 6-8.) As such, his appellate counsel was not deficient for failing to raise these meritless arguments. *See Williams v. Lumpkin*, No. SA-20-CA-0208-JKP, 2022 WL 2706166, at *6 (W.D. Tex. July 11, 2022); *see Jones v. Barnes*, 463 U.S. 745, 749 (1983).

Next, the Court liberally construes Minze to argue his appellate counsel was deficient for failing to appeal the trial court's dismissal of his motion for speedy trial: "ineffective assistance of appellate counsel [by failing to object to Petitioner's] retitled motion to dismiss as [a] violation of right to speedy trial [and] ineffective assistance

of counsel." (Dkt. No. 3 at 19.) As discussed above, the trial court did not abuse its discretion when it refused to hear this motion and any objection by counsel would have been frivolous.

Finally, Minze is unable to receive federal habeas relief for his contention that the jury charge provided erroneous instructions as to his parole eligibility. An allegedly incorrect state law jury instruction is not a basis for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991); *see Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules[.]").

Minze has not met his burden of showing the state court's denial of his ineffective assistance of appellate counsel claim was unreasonable. This claim should be denied.

## V.  EVIDENTIARY HEARING

In his reply, Minze appears to seek an evidentiary hearing on his claims. (*See* Dkt. No. 12 at 3-4.) Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary, and Minze has not shown he is entitled to an evidentiary hearing before this Court on any of his claims.

## VI.  RECOMMENDATION

The Court should **DENY** the Petition for a Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 3), with prejudice.

**SO RECOMMENDED** on June 30, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).