# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| GUY DON MINZE, § | |
| ID #2228023 § | |
|  § | CIVIL ACTION NO. 3:22-CV-2589-S-BW |
| v. § | |
|  § | |
| DIRECTOR, TDCJ-CID § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made Findings, Conclusions, and Recommendation ("FCR") [ECF No. 15] in this case. Petitioner filed the Specific Written Objections to the FCR ("Objections") [ECF No. 18]. The Court reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Except as to Ground Five, the Court finds Petitioner's objections lack merit and do not warrant discussion beyond the reasons set forth in the FCR. Therefore, the Court **ACCEPTS** the FCR as supplemented below and denies the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [ECF No. 3].

### I. PETITIONER'S OBJECTIONS AND APPLICABLE LAW

Petitioner objected to the recommended denial of each of the six grounds raised in the Petition. *See* Objs. The Court concludes that only Petitioner's objection to the treatment of Ground Five merits further analysis. In the Objections, Petitioner contends the FCR incorrectly reduced Ground Five to merely a state-law procedural issue, when in fact the Petition alleged violations of federal constitutional rights under the Fourteenth and Sixth Amendments.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner may not obtain federal habeas relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) governs pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001) (citation omitted). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Habeas relief may also be warranted "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. This "unreasonable application" inquiry is an objective one, rather than a subjective one. *See id.* at 409-10.

Section 2254(d)(2), by contrast, concerns questions of fact. *See Martin*, 246 F.3d at 475 (citation omitted). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)). Such findings are presumptively correct, subject to rebuttal only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To obtain relief, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Without such a showing, federal habeas relief is unavailable. *Id.* at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Importantly, AEDPA deference applies even where the state court summarily denied all claims without written order. *Id.* at 100 ("[Section] 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"). Where there is no reasoned state court decision, as here, the court "must determine what arguments or theories . . . could have supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." *Sexton v. Beaudreaux*, 585 U.S. 961, 964-65 (2018) (first and second alterations in original) (quoting *Richter*, 562 U.S. at 102).

As pleaded, Ground Five alleges violations of Petitioner's Fourteenth Amendment right to due process and Sixth Amendment right to a fair trial, including claims that: (1) the state court made unreasonable determination of facts in light of the evidence; (2) the indictment failed to provide constitutionally adequate notice; (3) Counts One and Two improperly alleged multiple offenses, implicating Petitioner's procedural due process right to notice; and (4) Petitioner was subjected to "trial by ambush." *See* Pet. 17; Objs. 12. The Court agrees that Ground Five properly invokes cognizable federal constitutional questions. But upon de novo review, the Court concludes that Petitioner fails to establish that the state court's rejection of these claims was objectively unreasonable under the stringent Section 2254(d) standard. Accordingly, the Court overrules Petitioner's objection regarding Ground Five because it provides no basis for habeas relief.

## II. ANALYSIS OF GROUND FIVE

### *A. Sufficiency of the Indictment and Adequacy of Notice*

Petitioner advances two related arguments under Ground Five: (1) that the indictment failed to provide constitutionally adequate notice and (2) that Counts One and Two improperly alleged multiple offenses, thereby violating his procedural due process right to notice. Objs. 12. Because both challenges turn on whether the indictment was sufficient to confer jurisdiction and provide fair notice of the charges, the Court addresses them together.

On federal habeas review, the sufficiency of a state indictment is not cognizable "unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citation omitted). The Fifth Circuit has further explained that when a state habeas court denies relief on an indictment challenge, that denial reflects the court's determination that the indictment was sufficient to confer jurisdiction, and a federal habeas court must defer to that conclusion. *Id.* at 68-69; *see also Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994).

The record reflects that the indictment set forth the statutory elements of the charged offenses and was sufficient to place Petitioner on notice of the charges. *See* ECF No. 9-24 at 14-15; *see also* ECF No. 11-1 at 226-234. The record also reflects that the Tenth Court of Appeals expressly stated that the indictment was sufficient because "both the trial court and [Petitioner] could identify the offenses alleged." *Minze v. State*, No. 10-18-00333-CR, 2020 WL 5241211, at *2 (Tex. App.—Waco, Aug. 31, 2020, pet. ref'd). The Texas Court of Criminal Appeals denied Petitioner's state habeas application without written order. This Court must presume that denial rested on reasonable grounds and that the indictment was not jurisdictionally defective. *McKay*, 12 F.3d at 68. The record supports this conclusion, as Petitioner filed a motion to quash the

indictment before trial and raised sufficiency issues on direct appeal, demonstrating his clear understanding of the allegations.

Petitioner's duplicity argument fares no better. Federal courts consistently reject habeas relief where Texas indictments combine multiple counts but still give notice of the true nature of the charge against the defendant. *See Sauceda v. Quarterman*, No. C-08-224, 2008 WL 5137287, at *8 (S.D. Tex. Dec. 8, 2008) (rejecting a claim that including multiple counts in one indictment violated due process). Allegations of duplicity collapse into the same inquiry: whether the indictment deprived the defendant of notice, created double jeopardy risk, or otherwise prejudiced the defense. Here, Petitioner has not shown that the indictment prevented him from understanding the charges, subjected him to multiple punishments for the same offense, or otherwise impaired his ability to defend himself.

Petitioner thus cannot demonstrate that the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law. Based on the above, his challenges to the indictment—whether characterized as insufficient notice or improper charge construction—fail under the *McKay* framework.

### B. Trial by Ambush Claims

Petitioner's assertion that he was subjected to "trial by ambush" is contradicted by the procedural record and fails to meet constitutional standards for due process violations. Due process requires only that a criminal defendant receive adequate notice of the charges against him and a meaningful opportunity to defend. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Musacchio v. United States*, 577 U.S. 237, 243 (2016). It does not guarantee that a defendant will be free from all tactical disadvantages or prosecutorial strategy, but rather that fundamental fairness will be preserved throughout the proceedings. *Gray v. Netherland*, 518 U.S. 152, 167-70 (1996).

The record again refutes Petitioner's "ambush" claim. Far from being caught off-guard or denied procedural opportunities, Petitioner filed a pretrial motion to quash the indictment and pursued identical arguments at sentencing and on direct appeal. *See* ECF No. 9-37 at 16-170. This procedural history demonstrates not only that Petitioner had notice of the charges and their purported deficiencies, but that he was afforded multiple opportunities to litigate his objections before neutral judicial officers. The state courts considered these challenges at each stage and rejected them on the merits. Even outside the habeas context, the Fifth Circuit has recognized that "surprise" alone does not amount to a constitutional or legal violation and that relief is warranted only where the surprise was "inconsistent with substantial justice" and "actually prejudiced [a party's] case." *Conway v. Chem. Leaman Tank Lines, Inc.*, 687 F.2d 108, 112-13 (5th Cir. 1982) (citations omitted).

Moreover, Petitioner's claim fails because it consists entirely of conclusory allegations unsupported by specific factual assertions. The Fifth Circuit has repeatedly rejected similar speculative claims in the habeas context. In *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990), the court emphasized that a habeas petitioner's "bare allegations" of prosecutorial misconduct were insufficient to establish a due process violation where the petitioner "fail[ed] to point to any form of prosecutorial overreaching." Like the petitioner in *Koch*, Petitioner offers only generalized assertions without identifying any concrete prosecutorial conduct, evidentiary ruling, or judicial decision that allegedly deprived him of fair notice or prevented adequate preparation of his defense.

Even if Petitioner had encountered genuine surprise during trial, Texas procedural rules provided adequate remedies, including motions for continuance under the Texas Code of Criminal Procedure and various evidentiary objections designed to exclude improperly presented evidence.

6

The record contains no indication that Petitioner was denied the opportunity to invoke these protections. As such, Petitioner's "trial by ambush" claim cannot succeed, as neither the Constitution nor AEDPA requires more than the notice, opportunity to defend, and multiple layers of review he was afforded.

Because the state court's implicit determination rejecting this issue was based neither on an unreasonable determination of fact nor an unreasonable application of clearly established federal law, this claim has no merit.

### C. Unreasonable Determination of Facts

Petitioner's final assertion—that the state court made an unreasonable determination of facts under Section 2254(d)(2)—is equally unavailing. A state court's factual findings carry a presumption of correctness that can be overcome only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A factual determination is not unreasonable simply because a federal habeas court might weigh the evidence differently or reach an alternative conclusion. *See Wood v. Allen*, 558 U.S. 290, 301 (2010) (citation omitted); *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). This demanding standard requires more than disagreement with the state court's assessment, it requires a showing that no reasonable factfinder could have reached the state court's conclusion based on the record. *See id.*

Petitioner's challenge fails this standard. His bare assertion that the factual determinations were erroneous, without more, is insufficient to satisfy the demanding standard required for habeas relief under Section 2254(d)(2). *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citation omitted). The Fifth Circuit has made clear that habeas petitioners cannot survive AEDPA's review standards through speculation and unsupported assertions. *See Puckett*, 907 F.2d at 530.

Even construing Petitioner's claim in the light most favorable to him, the Court finds that the record supports any reasonable determination the state court might have made. Here, the indictment was facially sufficient, Petitioner demonstrated understanding of the charges through his pretrial motion practice, the Tenth Court of Appeals affirmed his conviction, and the Texas Court of Criminal Appeals found no reason to grant habeas relief. Petitioner's challenge amounts to nothing more than a disagreement with the outcome, which is insufficient under AEDPA's deferential framework.

In sum, the state court's adjudication of Petitioner's claims was neither contrary to, nor involved an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of facts. Ground Five fails to warrant federal habeas corpus relief.

### III. CERTIFICATE OF APPEALABILITY

On August 12, 2025, Petitioner filed the Motion for Certificate of Appealability [ECF No. 19]. In accordance with Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, Petitioner is **DENIED** a certificate of appealability. In addition to the above discussion, the Court adopts and incorporates by reference the FCR in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that

If Petitioner files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

## IV. CONCLUSION

Petitioner's objections are **OVERRULED**. In accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the findings and conclusions of the Court as supplemented. The Court also **DENIES** Petitioner's Motion for Certificate of Appealability [ECF No. 19]. By separate judgment, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 3] will be **DENIED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED September 29, 2025.

_____
**UNITED STATES DISTRICT JUDGE**

---

satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.